UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
HECTOR GARCIA,

        Petitioner,
   - v. -                                 09 Civ. 5758 (RJH) (GWG)

ANTHONY BOUCAUD                         **MEMORANDUM**
                                                      **OPINION AND ORDER**
        Respondent
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Richard J. Holwell, District Judge:

       Hector Garcia brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On January 27, 2006, petitioner pled guilty in the Supreme Court of New York County to Conspiracy in the Second Degree in violation of New York Penal Law § 105.15 and was later sentenced to a term of 7 to 21 years imprisonment. Magistrate Judge Gabriel W. Gorenstein issued a Report and Recommendation on May 7, 2010, advising that the petition should be denied. Having reviewed the report, the record, and petitioner's objections, the Court concludes that the petition should be denied and Magistrate Judge Gorenstein's report should be adopted in its entirety.

## BACKGROUND

       The basic facts of this case are set forth in Magistrate Judge Gorenstein's report, familiarity with which is assumed. The court restates the facts only as they relate to the habeas petition and petitioner's objections to the report.

       On February 22, 2005, Garcia was charged with Conspiracy in the Second Degree, Criminal Possession of a Controlled Substance in the First Degree, and Criminal Possession of a Controlled Substance in the Third Degree. These charges stemmed from

1

Garcia's role as middleman for suppliers of cocaine. The same day, Garcia appeared before the court and pled not guilty. At some time after that initial plea, the prosecution offered a plea that included a proposed sentence of seven years to life in prison. On June 20, 2005, Garcia reiterated his not guilty plea and declared his intention to defend against the charges at trial.

On September 12, 2005, Garcia appeared before the court. At the hearing, the court made an extensive statement referring to the fact that Garcia had rejected plea offers; noting the court's opinion of the strength government's case; and commenting that the system might be "better served" by a trial. At the next hearing, on October 11, 2005, the court again noted that Garcia had been "adamant that he will go trial" and stated that the court would not accept any plea other than to the charges in the indictment.

On January 27, 2006, Garcia declared his intention to plead guilty to Conspiracy in the Second Degree in exchange for a sentence of seven to twenty-one years imprisonment. During the plea allocution, Garcia admitted to conspiring to "obtain and ultimately sell" 50 kilograms of cocaine. In response to questions by the court, Garcia stated that he had discussed the case with his attorney; that he was satisfied with the legal advice he had received; that he understood the range of his sentence following a plea as well as the sentence range following a conviction at trial; and that his plea was voluntary. Later the same day, Garcia signed a "Waiver of Right to Appeal" in which he acknowledged that, after consulting with his attorney, he understood that his plea forfeited his right to appeal his conviction except with respect to the legality of his sentence, his competency, and the voluntariness of the waiver.

On February 16, 2006, the court sentenced Garcia to a term of seven to twenty-one years imprisonment.

After an unsuccessful motion under N.Y.C.P.R. § 440.20 to reduce his sentence pursuant to the Drug Law Reform Act, Garcia appealed his conviction to the Appellate Division on two grounds: (1) that his waiver of his right to an appeal in his guilty plea was not knowing, voluntary and intelligent; and (2) that his guilty plea was invalid. Garcia argued that the latter was so because (a) he did not recite the elements of the crime charged; (b) the trial court failed to clarify whether Garcia knew the value of the cocaine he conspired to distribute; (c) the trial court failed to explain the consequences of waiving the right to an appeal; and (d) the trial court had coerced and confused Garcia at his various plea hearings. The Appellate Division affirmed Garcia's conviction on the ground that Garcia's claims were "unpreserved because he did not move to withdraw his plea, and because this case does not come within the narrow exception to the preservation requirement" established by *People v. Lopez*, 71 N.Y.2d 662 (1988). *People v. Garcia*, 865 N.Y.S.2d 83 (1st Dep't 2008). The Appellate Division also rejected Garcia's claim "on the merits" because "[t]he record establishe[d] that defendant's plea was knowing, intelligent and voluntary," "nothing in the plea allocution . . . cast significant doubt on his guilt," and prior colloquies were not coercive. *Id.* The Court of Appeals denied Garcia's request for leave to appeal. *People v. Garcia*, 904 N.E.2d 846 (N.Y. 2009).

Garcia filed this petition for writ of habeas corpus on April 27, 2009. Garcia raised two grounds for relief: (1) his plea was not knowing, intelligent, and voluntary largely for the reasons Garcia claimed in his direct appeal; and (2) his trial counsel was ineffective because he did not take any action during the plea allocution to ensure that

3

Garcia's plea was a knowing, intelligent, and voluntary one. On May 7, 2010, Magistrate Judge Gorenstein issued a Report and Recommendation ("the Report"), advising that the petition should be denied. *See Garcia v. Boucaud*, 2010 WL 1875636 (S.D.N.Y. May 10, 2010). Garcia submitted objections to the Report on August 18, 2010.

## LEGAL STANDARD

A district court judge may designate a magistrate to hear and determine certain motions and to submit to the court proposed findings of fact and a recommendation as to the disposition of the motion. See 28 U.S.C. § 636(b)(1). Within ten days of service of the recommendation, any party may file written objections to the magistrate's report. *Id.* Upon review of those portions of the record to which objections were made, the district court judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Where timely objections are made, the court is required to "make a *de novo* determination of those portions of a report . . . to which objection is made." *Id.*; *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). But "when a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Walker v. Vaughan*, 216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002).

## DISCUSSION

Garcia raises two grounds for relief in his petition: (1) his plea was not knowing, intelligent, and voluntary; and (2) his trial counsel was ineffective. Garcia objected to the Report's recommendation to deny relief with respect to each ground. The Court will therefore consider each ground in turn.

### A. Alleged Coercion of Garcia's Guilty Plea

As a first ground for relief, Garcia argues that his plea was not knowing, intelligent, and voluntary. The Appellate Division found Garcia's claims "unpreserved because he did not move to withdraw his plea, and because this case does not come within the narrow exception to the preservation requirement," 865 N.Y.S.2d 83, established by *People v Lopez*, 71 N.Y.2d 662 (1988).

"Ordinarily, a federal habeas court may not reach the merits if the state court's rejection of a federal claim 'rests on a state law ground that is independent of the federal question and adequate to support the judgment.'" *Clark v. Perez*, 510 F.3d 382, 390 (2d Cir. 2008) (quoting *Coleman v. Thompson*, 501 U.S. 722, 729 (1991)). "This rule applies regardless of whether the independent state law ground is substantive or procedural and whether the case is in federal court on direct review or from state court via a habeas corpus petition." *Garvey v. Duncan*, 485 F.3d 709, 713 (2d Cir. 2007). "A state law ground is only adequate to support the judgment and foreclose review of a federal claim if it is firmly established and regularly followed in the state, and application of the rule would not be exorbitant." *Bierenbaum v. Graham*, 607 F.3d 36, 47 (2d Cir. 2010) (quotation marks omitted). In making that determination, courts look to three "guideposts":

> (1) whether the alleged procedural violation was actually relied on in the trial court, and whether perfect compliance with the state rule would have changed the trial court's decision; (2) whether state caselaw indicated that compliance with the rule was demanded in the specific circumstances presented; and (3) whether petitioner had substantially complied with the rule given the realities of trial, and, therefore, whether demanding perfect compliance with the rule would serve a legitimate governmental interest.

*Cotto v. Herbert*, 331 F.3d 217, 240 (2d Cir. 2003) (quotation marks omitted); *see also Richardson v. Greene*, 497 F.3d 212, 218 (2d Cir. 2007) ("In determining whether New

York's preservation rule constitutes an adequate state ground, [courts] look to the state's statutes and case law interpreting the rule."). "[I]f the finding of default constitutes an 'independent and adequate state ground' for the state court's decision," the petitioner must "'demonstrate cause for the default and actual prejudice'" or "'that failure to consider the claims will result in a fundamental miscarriage of justice.'" *Brown v. Greiner*, 409 F.3d 523, 532 (2d Cir. 2005) (quoting *Coleman,* 501 U.S. at 729-32).

Treating a failure to withdraw a plea as a procedural default is well-established in the New York courts. In *Lopez*, the Court of Appeals noted its prior holdings "that in order to preserve a challenge to the factual sufficiency of a plea allocution there must have been a motion to withdraw the plea under CPL 220.60(3) or a motion to vacate the judgment of conviction under CPL 440.10." 71 N.Y.2d at 665. Numerous New York courts, including federal courts on habeas review, have applied that rule in rejecting challenges to the sufficiency of guilty pleas as a procedurally barred. *See, e.g.*, *Hunter v. McLaughlin*, No. 04-CV-4058, 2008 WL 482848, at *3 (S.D.N.Y. Feb. 21, 2008) ("There is ample case law holding that a defendant must notify the trial court of his request to withdraw a guilty plea on a specific basis in order to preserve that issue for appeal."); *Anaya v. Brown*, No. 05-CV-8974, 2006 WL 2524079, at *8 (S.D.N.Y. Sept. 1, 2006) ("New York case law clearly indicates that Anaya was required to present his failure-to-inquire claim to the trial court in the first instance if he wanted to preserve it for appellate review.").

The Court of Appeals in *Lopez* recognized an exception for the "rare case" in which "the defendant's recitation of the facts underlying the crime pleaded to clearly casts significant doubt upon the defendant's guilt or otherwise calls into question the

6

voluntariness of the plea." 71 N.Y.2d at 666.  In such a case, "the court may not accept the plea without making further inquiry to ensure that defendant understands the nature of the charge and that the plea is intelligently entered," and "[w]here the court fails in this duty and accepts the plea without further inquiry, the defendant may challenge the sufficiency of the allocution on direct appeal, notwithstanding that a formal postallocution motion was not made."  *Id*.  But the Appellate Division here found that the *Lopez* exception did not apply because "there was nothing in the plea allocution that cast significant doubt on [Garcia's] guilt."  865 N.Y.S.2d 83.  The Appellate Division's decision was not "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).  Garcia stated either orally at his plea colloquy, in writing, or in both ways that he had discussed the case with his attorney and was satisfied with the advice he received during those discussions; that he was agreeing to a sentence of 7 to 21 years imprisonment as opposed to a possible sentence of 15 years to life; that his plea was voluntary and uncoerced; and that he understood he was waiving his rights to a jury trial and to appeal.[1]

Garcia's claim is thus procedurally barred.  He therefore must "demonstrate cause for the default and actual prejudice" or "that failure to consider the claims will result in a fundamental miscarriage of justice."  *Brown*, 409 F.3d at 532 (quotation marks omitted).

---

[1] For the same reason, Garcia's argument that his plea was not knowing and voluntary because he was not sufficiently apprised that he was waiving his right to an appeal is meritless.  The Appellate Division held that "[t]he record establishes that defendant's plea was knowing, intelligent and voluntary."  865 N.Y.S.2d 83.  As Judge Gorenstein noted in his Report, the defendant signed a written agreement waiving his right to an appeal and indicated at his plea colloquy that he understood that he was waiving his right to an appeal.  *See* 2010 WL 1875636, at *7, n.6.  Accordingly, the Court agrees that the Appellate Division's decision was not "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

7

In his objections, Garcia argues that "[t]he cause for no motion being filed to withdraw his guilty plea prior to sentencing was that the lawyer who took the plea was also the lawyer who appeared for sentencing" and asks "how could the same lawyer make a motion to vacate the guilty plea[?]" (Pet'r's Objections at 18-19.)  That argument fails for two reasons.  First, the fact that the same lawyer represented Garcia during his plea and his sentencing does not alone establish cause.  On the contrary, Garcia's lawyer at the plea colloquy was in the best position to ascertain any problem with the voluntariness of Garcia's plea and to make a timely motion to withdraw it.  And there is a more reasonable explanation for why the lawyer made no such motion, namely, that, like the Appellate Division, the lawyer believed that Garcia's plea was knowing and voluntary.  Second, "ineffective assistance adequate to establish cause for the procedural default of some *other* constitutional claim is *itself* an independent constitutional claim." *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000) (emphasis in original).  And the Supreme Court has held that principles of exhaustion "require *that* constitutional claim, like others, to be first raised in state court." *Id.* at 451-52. (emphasis in original); *see also Murray v. Carrier*, 477 U.S. 478, 488-89 (1986) (holding that "the exhaustion doctrine . . . generally requires that a claim of ineffective assistance be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default").

      Hence Garcia has not demonstrated cause for his failure to move to withdraw his plea.  Nor has Garcia demonstrated actual innocence.  Accordingly, the Court finds no error and adopts the Report's recommendation to dismiss the petition as to Garcia's claim that his guilty plea was not knowing and voluntary.

### B. Ineffective Assistance of Counsel

As a second ground for relief, Garcia argues that his trial counsel was ineffective. In the Report, Magistrate Judge Gorenstein found that Garcia's ineffective assistance claim was procedurally barred because Garcia failed to raise the claim in state court and would be prohibited from doing so now. Garcia makes no specific objection to that recommendation other than the general statement that he "objects to the [M]agistrate[']s report and recommendations that the petitioner's claims were procedurally barred . . . ." (Pet'r's Objections at 11.) That is just the sort of "conclusory or general objection" that the Court reviews for clear error. *Vaughan*, 216 F. Supp. 2d at 292. Having carefully considered the Report's recommendations as to Garcia's ineffective assistance claim, the Court finds no error and adopts the Report's recommendation to dismiss the petition as to that claim.

## CONCLUSION

For the foregoing reasons, the Court adopts the Report and Recommendation of Magistrate Judge Gorenstein. Garcia's petition is DENIED. The Clerk of the Court is directed to dismiss the petition and close this case.

SO ORDERED.

Dated: New York, New York
       May 9, 2011

Richard J. Holwell
United States District Judge